IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MOSES ODUNAGA AINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-45-M |
| | ) |
| OKLAHOMA COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange, has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Court **DENY** Plaintiff's motions to proceed *in forma pauperis,* **ECF Nos. 2, 6 and 14,** and order him to pay the full $400.00 filing fee.

On January 14, 2014, Plaintiff filed an application for leave to proceed *in forma pauperis*, ECF No. 2. Included with the application was a letter, ECF No. 2 at 2-1, advising that he could not submit the copies because he must have money available in his accounts. The undersigned ordered Plaintiff to cure his application, indicating that the application failed to include a signature of an authorized officer of the penal institution and a certified copy of plaintiff's trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of

the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined. Plaintiff was ordered to cure the deficiencies by February 7, 2014 and advised that the Court would recommend dismissal of the action should he fail to comply.

Plaintiff responded on February 10, 2014 with another motion, with the required certification with a signature of an authorized officer of the penal institution and a "Jail Tracker" statement which details only two (2) dates, July 4, 2013 and July 21, 2013. *See* ECF No. 6. The undersigned issued a second order to cure, ECF No. 7, giving the Plaintiff until March 5, 2014 to submit a certified copy of plaintiff's trust fund account statement (or institutional equivalent) for the prisoner for the **6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined** (emphasis in original) and again advised Plaintiff that the Court would recommend dismissal of the action should he fail to comply. On March 7, 2014, Plaintiff filed a Motion, ECF No. 8, requesting additional time to comply because of the jail officials "non-compliance" with the Court's request. Additionally, the Plaintiff filed a Motion for Court to Subpoena a Certified Copy…, ECF No. 9. The Court granted the Plaintiff's request for additional time and extended the due date to April 7, 2014. The Court however denied the Plaintiff's motion for a subpoena noting that:

> The Court has no jurisdiction to issue the subpoena in this conditionally filed action. Plaintiff is responsible for acquiring the information required to support his application to appear *in forma pauperis*. However, the Plaintiff may present a copy of the Court's Order dated February 12, 2014, and this Order to the appropriate prison officials in

2

order to facilitate the Plaintiff in complying with the requirements of the Court.

*See* ECF No. 10. Plaintiff was again advised that failure to comply with this Order may result in the dismissal of this action without prejudice to re-filing.

On April 15, 2014, upon review of the file and having not received the required documents from the Plaintiff, the undersigned recommended that this matter be dismissed without prejudice for failure to comply with the Court's Order. On April 30, 2014 the Plaintiff objected to the Report and Recommendation, ECF No. 12, and again sought the court's intervention by directing the Plaintiff's institution to provide the required account statement. Chief Judge Vicki Miles-LaGrange granted the request for additional time giving the Plaintiff until June 13, 2014 to comply. However, the Plaintiff was advised that the Court lacks jurisdiction to direct the county jail to provide such documents to the Plaintiff. *See* ECF No. 13.

In response to the Chief Judge's order, Plaintiff filed a third application for leave to proceed *in forma pauperis*, ECF No. 14, with the required signature from an Oklahoma County Jail official. However, Plaintiff presented the *same* institutional accounts statement that included only the dates of July 4, 2013 and July 21, 2013. Plaintiff also submits a Motion for Order (Motion to Cure all Deficiencies), ECF No 15, wherein he again asks the Court to direct the county jail to provide the documents the Court requires. Accordingly, Chief Judge Vicki Miles-LaGrange recommitted this matter to the undersigned on May 30, 2014, ECF No. 17.

After reviewing the Plaintiff's motions, ECF Nos. 14 and 15, the undersigned once again ordered the Plaintiff to cure the *same* deficiency by June 26, 2014. The order provided:

> Specifically, the Plaintiff is required to submit a statement covering **the 6 month period (July 2013 thru December 2013) immediately preceding the filing of the complaint.** Additionally, the Plaintiff's Motion to Cure all Deficiencies, **ECF No. 15**, is **DENIED** as the Court has no jurisdiction to order the institution to submit the required documentation. Plaintiff is responsible for acquiring the information necessary to support his *in forma pauperis* request. The Plaintiff may present a copy of this Order to the appropriate prison officials in order to facilitate the Plaintiff in complying with the requirements of the Court

*See* ECF No. 18 (emphasis in original). On June 18, 2014, the Plaintiff filed his Response, ECF No. 19, wherein he advises the Court that the Magistrate Judge is "very incorrect" and "severely misreading" the Plaintiff's trust fund account.

Plaintiff has been provided with numerous opportunities to cure his applications, Plaintiff has failed to do so. Further, the undersigned is aware, based on a brief search of this Court's records, that at least three (3) other pro se plaintiffs have obtained and submitted the proper documentation from Oklahoma County Jail officials in support of their applications to proceed *in forma pauperis*. *See Big Eagle v. John Whetsel, et al.*, CIV-14-342-R, ECF No. 2 at 2-1; *Hornbeck v. Doe, et al.*, CIV-14-276-W, ECF No. 6:5 and *Love v. Oklahoma County Jail, et al.*, CIV-11-675-C, ECF No. 2:5.

The undersigned has reviewed the Plaintiff's statements and while the certification indicates a present zero dollar balance, 28 U.S.C. § 1915(a)(2) requires a statement (or institutional equivalent) for the prisoner for the 6-month period

4

immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. It is implausible that no activity has occurred within the Plaintiff's account for an entire 6-month period. The repeatedly submitted statement indicates the Plaintiff had deposits totaling $17.21 in July 2013 and payments totaling $17.21 in July 2013. However, he has current total contracts of $14.49 and total fees of $110.39. This indicates to the Court that transactions are occurring in the Plaintiff's account. Although the balance may have at one time been zero and still may be zero, Plaintiff is required to submit a detailed statement of that activity. Plaintiff continues to fail to submit a statement that includes the required account activity from July 2013 through December 2013. For these reasons, the undersigned recommends that the Court deny Plaintiff's motions to proceed *in forma pauperis*, **ECF Nos. 2, 6 and 14.**

## RECOMMENDATION

It is therefore recommended that the Plaintiff's motions to proceed *in forma pauperis*, **ECF Nos. 2, 6 and 14** be **DENIED**. To that end the Court should order the Plaintiff to pay the full filing fee of $400.00 within twenty (20) days of the date of any order adopting this report and recommendation, and should caution him that failure to pay the filing fee will result in the Court dismissing this action without prejudice to re-filing.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **July 17, 2014**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make

timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on June 30, 2014.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE